Edward J. BRENNAN, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 6–71770.

United States District Court, E. D. Michigan, S. D.

Jan. 31, 1977.

Edward J. Brennan, Jr., in pro. per.

Pamela J. Thompson, Asst. U. S. Atty., Detroit, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KEITH, Chief Judge.

This matter is before the Court on defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Plaintiff, currently a resident of Canada wishes to import ninety-six (96) firearms into the United States. Eighty-nine of these firearms were exported by plaintiff from the United States in 1973 when plaintiff established residency in Canada. Prior to their exportation, these firearms were listed in the central registry of National Firearms Act firearms. Upon confirmation of their exportation, the Bureau of Alcohol, Tobacco and Firearms (hereinafter the "Bureau") removed plaintiff's firearms from the registry because they were no longer in the United States. When plaintiff decided to re-establish residence in the United States, he requested permission of the Bureau to import the eighty-nine firearms he had exported plus seven additional firearms. The Bureau denied plaintiff's request because the eighty-nine firearms exported by him were no longer registered to him in the national registry and he did not meet the requirements of Title 26 U.S.C. § 5844,[1] a necessary prerequisite for the importation of National Firearms Act firearms.[2]

1. 26 U.S.C. § 5844. Importation

No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction unless the importer establishes, under regulations as may be prescribed by the Secretary, that the firearm to be imported or brought in is—

(1) being imported or brought in for the use of the United States or any department, independent establishment, or agency thereof or any State or possession or any political subdivision thereof; or

(2) being imported or brought in for scientific or research purposes; or

(3) being imported or brought in solely for testing or use as a model by a registered manufacturer or solely for use as a sample by a registered importer or registered dealer; except that, the Secretary may permit the conditional importation or bringing in of a firearm for examination and testing in connection with classifying the firearm.

2. National Firearms Act firearms are defined in 26 U.S.C. § 5845(a), as follows:

For the purpose of this chapter—

(a) Firearm. The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made

In his complaint and his "Brief to Support Complaint", both filed *pro se,* plaintiff asks this court to: (1) order the importation of one firearm, serial number IRS 5505A;[3] (2) order the Bureau of Alcohol, Tobacco and Firearms to enter the ninety-six firearms in question in the central registry; (3) declare the second amendment to the United States Constitution null and void as it is superceded by the Gun Control Act of 1968; and (4) enter a declaratory judgment as to the constitutionality of the Gun Control Act of 1968.

Defendant has moved to dismiss plaintiff's complaint on procedural grounds. However, because plaintiff represents himself in this matter, the Court will treat liberally plaintiff's lack of compliance with certain procedural requirements.

Defendant additionally moves for summary judgment on the grounds that there is no issue of fact and plaintiff has made no showing that the action of the Bureau was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

The Regulations pertinent to the case at bar are Title 27 C.F.R. §§ 178, 179. In support of his request plaintiff cites 27 C.F.R. § 178.115(a) which states in relevant part:

§ 178.115. Exempt Importation

(a) Firearms and ammunition may be brought into the United States or any possession thereof by any person who can establish to the satisfaction of Customs that such firearm or ammunition was previously taken out of the United States or any possession thereof by such person.

Although plaintiff may arguably qualify under this section of the regulations, he must still meet the requirements of 27 C.F.R. § 179.111 regarding the importation of firearms.[4]

It is clear that § 178 and § 179 are not mutually exclusive.

§ 178.2 Relation to other provisions of law.

The provisions in part are in addition to, and are not in lieu of, any other provision of law, or regulations, respecting commerce in firearms or ammunition.

There has been no showing by plaintiff that he meets either the requirements of Title 26 U.S.C. § 5844 or of Title 27 C.F.R. § 178.115(a). Therefore, this Court must conclude that the actions of the Bureau in denying importation of the firearms in

from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

3. The firearm in question appears to be one of those originally exported by plaintiff. It is unclear to the court why it is distinguished by plaintiff.

4. § 179.111 reads in pertinent part

(a) No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction unless the person importing or bringing in the firearm establishes to the satisfaction of the Director that the firearm to be imported or brought in is being imported or brought in for:

(1) The use of the United States or any department, independent establishment, or agency thereof or any State or Possession or any political subdivision thereof; or

(2) Scientific or research purposes; or

(3) Testing or use as a model by a registered manufacturer or solely for use as a sample by a registered importer or registered dealer.

The burden of proof is affirmatively on any person importing or bringing the firearm into the United States or any territory under its control or jurisdiction to show that the firearm is being imported or brought in under one of the above subparagraphs.

**454**

question was reasonable and in compliance with the law.

The Court considers plaintiff's request to have the second amendment declared null and void and his petition for a declaratory judgment as to the constitutionality of the Gun Control Act of 1968 to be frivolous and without merit.

For the above stated reasons IT IS ORDERED that Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment be, and hereby is, granted.